ELLIS, Judge.
This is a suit upon an open account for goods allegedly “sold and delivered” to the defendant in the sum of $141.33 as shown by an affidavit attached to plaintiff’s petition. The defendant in his answer denied the receipt of the, merchandise or that he had any record of ever having - received same.
The case was tried in the District Court without the .benefit of a stenographer and the record is therefore incomplete in that it does not contain the oral testimony of the defendant and the post master of the City of Donaldsonville. However, the District Court rendered judgment for the defendant in which he stated “that plaintiff has failed to bear the' burden of proof and has not shown that the merchandise was ever received by defendant and the preponderance of the evidence being in favor of the defendant. * * * ”
The plaintiff has appealed to this Court.
The first question confronting us is the condition of the record and the failure of the appellant to proceed under Article 602 of the Code of Practice by requiring the appellee to draw a joint statement of the facts'proved in the case, or, if the appellee refused to join in making out the statement of facts or if the parties could not agree, the appellant should have requested the Court to make such a statement from its recollection of the facts or from notes taken of the evidence in accordance with Article 603 of the Code of Practice.
Appellee is asking that the judgment of the District Court be affirmed under authority of cases which held that where it appears that the testimony taken on the trial of the case is not in the transcript, the presumption is that the judgment of the district court was rendered on sufficient evidence and that it is correct, and that an appellant who neglects to procure a statement in a case where it is necessary, before the appeal is granted, is not entitled to relief, or where the record contained no note of evidence or no state of facts by a trial judge there was no means by which the Court of Appeal could determine the correctness of the judgment rendered, hence appeal must be dismissed.
On the other hand, the appellant in his argument has requested that the case be re- *205 mánded to the District Court to complete the record. ■
This is not a case where there is no testimony and in our opinion there is sufficient testimony upon which to affirm the judgment of the District Court.
Plaintiff is relying upon proof of delivery under the theory that the goods were sold f. o. b. at point of shipment, in this case Kansas City, Missouri. Plaintiff cites Acme Burlap Bag Co. v. Hardin Bag Co., 1 La.App. 379, which holds “Where an offer to purchase merchandise, f. o. b., at point of shipment, is accepted unqualifiedly by the seller, there residing, and where the seller is authorized to send the goods to the buyer, delivery of the goods to a carrier, whether named or not named by the buyer, is delivery to the buyer, and the latter must bear such losses as may occur to the goods while in transit.”
Also cited by plaintiff is Empire Mills Co. v. J. A. Jones Construction Co., 201 La. 180, 9 So.2d 513, which holds that a sale of bricks for a housing project to the sub-contractor, “net f. o. b. plant”, at a designated city makes delivery to the carrier at that city delivery to the contractor, with respect to liability for the purchase price.
It is necessary in the present case for the plaintiff to prove that the defendant purchased the merchandise f. o. b. Kansas City, Mo., and we believe the record does not sustain his position. The plaintiff secured an order to take the testimony by deposition ■of the salesman who secured the order for the purchase of the goods by the defendant, however it is shown by letter from the notary public who was commissioned to take this testimony that this salesman could .not be located in Kansas City, and we therefore have no testimony from him as to the •order. In addition, the plaintiff has not introduced the original order for the goods .and gives as the reason for his failure “ * * * we do not keep records of orders received beyond a six months’ period. * * «
While one of plaintiff’s witnesses in answer to an interrogatory testified that “A statement was sent by mail on the 25th ’of each month following shipment-of this: order. No response was received until after suit was filed when a letter was received during August, -1951, from Vincent Ma-tassa, stating that he had no record of having received the shipment, although he had never written us for a duplicate invoice on those statements which we kept . sehding him beginning with December 25th, of 1950, plus all the letters we had written him requesting some action on this account,” this statement has been successfully refuted by a letter written by the defendant on March 12, 1951 as follows:
“I am in receipt of your .letter of the 6th, requesting payment of an invoice dated Nov. 29, 1950, in the amount- of ' $141.33. In regards to this matter, I wish to state that I have no records of such amount owing you. I am almost certain that you -have my account mixed- up with some other account and will ask that you recheck your records and make proper correction.
“In order that I may make things clear, I wish to bring out the fact that I sent you remittance in the amount of $99.49 on January 10th, which was meant to cover statement of December 25th, and another invoice dated Dec. 7th, and have cancelled check for' this payment. I also wish to bring out that my statement of December 25th, do not show any invoice dated November 29th, 1950, and if you had shown this improper charge, I would of called your attention in my letter of remittance dated January 10th.
“I am always in the habit of paying any just bills, but in this case I have no records of owing the $141.33 and will ask more information regarding same or else the matter be dropped..”
The goods were allegedly shipped on November 29, 1950 and plaintiff’s letter was therefore written within approximately 90 days, yet the plaintiff, according to the testimony, destroyed this disputed order. Fur *206 ther, the statement annexed to the petition shows a charge for parcel post insurance which is inconsistent with plaintiff’s contention that the goods were sold f. o. b. Kansas City. The plaintiff took no action even though he had insured the shipment, and the record fails to show any correspondence with the defendant in answer to his letter of March 12, 1951.
As further proof of the correctness of the lower court’s judgment, the defendant has filed in evidence a statement from the plaintiff dated December 25, 1950 which does not include a charge for the goods which are the subject of this suit.
In addition to the above, the shipping clerk of the plaintiff company testified in answer to the interrogatory as to whether the goods were shipped f. o. b. Kansas City or Donaldsonville, Louisiana: “No, I don’t know anything about that.” The office manager of the plaintiff company did state that “The goods were shipped f. o. b. Kansas City, Mo. and after delivery of the same to the post office we had no further control or direction of the same.” His testimony also shows that he had been office manager only since December of 1950 which was after the goods had allegedly been shipped on November 29, 1950.
The burden of proof was upon the plaintiff to prove that the goods were delivered to the defendant, either under the terms of the contract f. o. b. Kansas City, which he has failed to do, or at Donald-sonville, Louisiana, which he made no effort to do.
The briefs filed in this case show that the defendant and the post master at Donaldsonville both testified and that if their testimony were in the record it would materially strengthen the defendant’s position. However, in view of the fact that we see no manifest error in the judgment of the District Court, no purpose would be served in remanding the case in order to secure the missing testimony.
Judgment affirmed.